NOTE.

See Flannery v. Van Tassel, ante.

BERTHA E. MARTIN, Administratrix, etc., Respondent, v. SPENCER C. PLATT, et al., Impleaded, etc., Appellants.

*Court of Appeals, March 8, 1892.*

1. *Appeal. Exceptions first heard at general term.*—Where a single question of fact is submitted to the jury without a suggestion that there are any others which can be affected by the verdict, the judgment is suspended, the exceptions ordered to be heard, and were heard, in the first instance at the general term, and the judgment directed to be entered, and was entered on the verdict, without any new proceeding necessary to the entry, an appeal from such judgment to the same general term is not permissible.

2. *Same.*—Such judgment is not an ordinary judgment, but a judgment of the general term.

3. *Same.*—Sections 1336 and 1350 do not warrant an appeal to the general term in such case.

4. *Same.*—Where, in such case, final judgment can not be entered until some preliminary step or proceeding has been taken subsequent to the decision of the general term, such subsequent step or proceeding only can be reviewed by the general term.

Motion for reargument.

*Wilson & Wallis*, for appellants.

*George C. Coffin*, for respondent.

FINCH, J.—We have given this motion for a reargument a new and deliberate consideration, both because the question of practice involved is somewhat important and because of the very able and evidently sincere argument which seeks to convince us that we have been mistaken. But added reflection has confirmed us in the view we felt compelled to take. In a case where one single question of fact was submitted to the jury without a suggestion that there were any others which could be affected by the verdict; where the judgment was suspended, and the exceptions ordered to be heard in the first instance at the general term; where they were so heard, and judgment was directed to be entered on the verdict for the plaintiff; and where that judgment was entered accordingly without any new proceeding necessary to the entry; an appeal was taken to the same general term which directed the judgment, but which that tribunal dismissed, and with our subsequent approval. The obvious impropriety of such an appeal from one session of the court to another of the same body, involving a review of questions already decided, seemed to us decisive upon the inquiry presented. I do not understand the learned counsel for the appellant to deny that under the Old Code such an appeal was not permissible, but he argues quite plausibly that the changes made in the new and enlarged structure, which now regulates the practice, have changed the rule, and secured to the appellant an alternative by force of which he might have appealed directly to this court, or was at liberty to appeal first to the general term, and so reach us by that route.

The changes upon which reliance is placed are in substance

these:    Under the Old Code (§ 265), judgment upon the exceptions was to be rendered by the general term.    Under the new Code that provision is omitted (§ 1000), and a new section appears, which declares: " Judgment may be taken, *as if the motion for a new trial had not been made*, after the expiration of four days from the entry of the order, and the service upon the attorney of the adverse party of a copy thereof and notice of the entry; but not before." (Sec. 1227.) These changes, it is claimed made the judgment entered no longer a judgment of the general term, but an ordinary judgment entered in the ordinary way, and subject to the ordinary right of appeal.

We do not think so.    It is needless to speculate upon the motives of change, since we deem it clear that the judgment entered, whatever its prescribed form, depends for its vitality upon the order of the general term.    Without that order the clerk could not enter it at all.    His general authority, under § 1189, is only " unless a different direction is given by the court," and that different direction is given when an order is made to suspend the judgment and sending the exceptions to the general term.    The clerk acquires no authority until that tribunal makes its order.    So that the judgment, whatever may be its form or manner of entry, remains in substance the judgment of the general term, which should not be required to hear an appeal from its own decision.

But we are further referred to §§ 1336 and 1350 as dictating the alternative modes of review.    The first authorizes a direct appeal to this court from the final judgment, and that appeal brings up for review only the determination of the general term.    The second relates merely to a case where the final judgment ordered cannot be entered until some preliminary step or proceeding has been taken subsequent to the decision of the general term.    In that event there may be new proceedings involving the trial of new issues, and those, and those only, can be reviewed by the general term.    Where there have been no such subsequent proceed-

ings, and there were none in this case, there is nothing left for the court to review.

So far as the appellant complains of the action of the general term in ordering the final judgment, we ought to await a proper occasion for the review; and yet we may properly say that the questions to which the appellant refers do not seem to us beyond the scope of a direct appeal to this court.

We remain of opinion that the appeal was properly dismissed, and the motion for a reargument must be denied, with costs.

All concur, except MAYNARD, J., not sitting.